**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FLORENTIN A. SARAVIA,

                                        Plaintiff,

        - against -

G.M. O'SHEA PROPERTIES, LLC, G.M. O'SHEA PROPERTIES MANAGEMENT, LLC, L.I. HARDWARE, GERALD O'SHEA, INC., GERALD M. O'SHEA and SUSAN O'SHEA,

                                        Defendants.

Case No. 15-cv-3066(DRH)(GRB)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. 12(C)**

STEVEN J. MOSER, P.C.
Steven John Moser (SM1133)
3 School Street, Suite 207B
Glen Cove, New York 11542
Tel: 516-671-1150
Fax: 516-882-5420
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................... 1

**LAW** ........................................................................................................................................... 1

    II.    A VIOLATION OF EITHER THE *FREQUENCY OF PAY* OR *TIMELINESS OF PAY* PROVISION OF NYLL § 191 GIVES RISE TO A PRIVATE RIGHT OF ACTION. ................................................................................................................... 2

    III.    A VIOLATION OF NYLL 191 ENTITLES AN AGGRIEVED PLAINTIFF TO RECOVER PREJUDGMENT INTEREST, ATTORNEYS' FEES, COSTS, AND LIQUIDATED DAMAGES. ............................................................................... 3

        a.  Liquidated Damages Under the New York Labor Law Are Not Intended to Be Compensatory ................................................................................................... 3

        b.  A Delay In Receiving Wages Is Recognized as Compensable Harm ........................... 3

        c.  Prejudgment Interest is Available for All Violations of the NYLL .............................. 4

**ARGUMENT** ............................................................................................................................ 4

    I.    THE PLAINTIFF HAS SUFFICIENTLY PLED VIOLATIONS OF NYLL § 191.... 4

    II.   TO THE EXTENT THAT COURT BELIEVES THAT THE PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A VIOLATION OF NYLL § 191(1)(A)(I) PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND THE COMPLAINT ............................. 4

    III.  THE PLAIN LANGUAGE OF NYLL § 191 PROHIBITS THE DEFENDANTS' CONDUCT ................................................................................................................. 5

    IV.  THE FAILURE TO SPECIFY THE PRECISE AMOUNT OF DAMAGES IS NOT FATAL ....................................................................................................................... 6

        a.  The Plaintiff has Established the Elements of a Prima Facie Case .............................. 6

        b.  The Defendants' Damages-Related Arguments are Premature .................................... 7

        c.  The Defendants' Argument that Failure to Describe the Compensable Harm Should Result in Dismissal is Without Merit ............................................................................ 7

**CONCLUSION** ........................................................................................................................ 7

## INTRODUCTION

Plaintiff Florentin Saravia submits this Memorandum of Law in opposition to the Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c).  Defendants' central arguments are that the Plaintiff has not plausibly alleged a violation of NYLL § 191, and that even if the Plaintiff has established a violation of NYLL § 191, he has no remedy for the violation unless he can describe the actual harm resulting from the violation.  However, the Plaintiff has either plausibly alleged violations of NYLL 191 or can remedy any defects in pleading.  The Defendants' damages related arguments are both premature and without merit.

## LAW

Adam Smith observed that the unequal bargaining power between workers and employers arises from the workers' immediate need for wages not shared by the employer.

> Many workmen could not subsist a week [] without employment. In the long-run the workman may be as necessary to his master as his master is to him, but the necessity is not so immediate.

*An Inquiry into the Nature and Causes of the Wealth of Nations.* Book I, Ch. 8, Sec. 12 (1776).

New York N.Y. Lab. Law § 191 was thus enacted "to protect the manual worker who was dependent upon the 'wages' he received weekly for his existence."  *People ex rel. Gianotti v. Bloom*, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179, 181 (City Ct. 1957).

New York Labor Law § 191(1)(a)(i) contains two separate requirements:

(1)   That "[a] manual worker shall be paid weekly"; and

(2)   "not later than seven calendar days after the end of the week in which the wages are earned."

The first requirement of section 191(1)(a)(i) is that wages be paid weekly.  *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 481-82 (S.D.N.Y. 2012); N.Y. Dep't of Labor Counsel

Opinion Letter RO-09-0121, December 11, 2009[1] ("Section 191 of the New York State Labor Law regulates how frequently an employee must be paid [and] 'manual workers' must be paid on a weekly basis."); N.Y. Dep't of Labor Counsel Opinion Letter RO-08-0139, December 1, 2008 (stating that an employer may not pay manual laborers "less frequently than weekly"[2]); *Bynog v. Cipriani Group, Inc.*, 298 A.D.2d 164, 165, 748 N.Y.S.2d 9 (N.Y. App. Div. 2002) (reversing trial court's grant of summary judgment and allowing waiters to pursue claims that they were not paid on a weekly basis in violation of NYLL § 191).

The second requirement of section 191(1)(a)(i) is that wages be paid within seven calendar days of the end of the workweek in which they are earned.

**I.    A VIOLATION OF EITHER THE *FREQUENCY OF PAY* OR *TIMELINESS OF PAY* PROVISION OF NYLL § 191 GIVES RISE TO A PRIVATE RIGHT OF ACTION.**

A violation of NYLL § 191(1)(a)(i) gives rise to a private right of action.  *See Cuzco v. Orion Builders, Inc.,* 06-Civ-2789 (KMW)(THK)(S.D.N.Y. May 26, 2010).  In a factually identical case in which an employer failed to comply with NYLL § 191(1)(a)(i), the court observed:

> In this case, Defendants did not pay wages as often as the law requires, and did not pay wages as early as the law requires. Defendants paid wages every two weeks (rather than weekly) and paid these wages no earlier than two weeks after the end of the period in which those wages were earned. These facts are undisputed. Therefore, Plaintiffs [] are entitled to summary judgment on their claims that Defendants violated the timely payment provisions of NYLL § 191.

*Cuzco v. Orion Builders, Inc.,* 06-Civ-2789 (KMW) (THK), at 7-8 (S.D.N.Y. May 26, 2010)(Wood, J.).

---

[1] *Available at* https://labor.ny.gov/legal/counsel/pdf/Frequency%20of%20Pay%20%28Sec.%20191%29/RO-09-0121%20-%20Frequency%20of%20Pymts.pdf.
[2] *Available at* https://labor.ny.gov/legal/counsel/pdf/Frequency%20of%20Pay%20(Sec.%20191)/RO-08-0139%20-%20Frequency%20of%20Payments.doc.pdf

II. **A VIOLATION OF NYLL 191 ENTITLES AN AGGRIEVED PLAINTIFF TO RECOVER PREJUDGMENT INTEREST, ATTORNEYS' FEES, COSTS, AND LIQUIDATED DAMAGES.**

> Relevant here, the statute provides that manual workers "shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." Id. § 191(1)(a)(i).  An employer's failure to timely pay its employees for their work . . . entitles the employees to sue for their unpaid wages and related damages… [T]he statute authorizes an aggrieved employee to seek prejudgment interest; attorneys' fees; costs; and, under certain circumstances, liquidated damages[].

*Lopez-Serrano v. Rockmore*, No. 14-cv-6056(ADS)(GRB), 2015 U.S. Dist. LEXIS 126493, at *27-28 (E.D.N.Y. Sept. 16, 2015) (Spatt, J.) (emphasis supplied) (internal citations and quotations omitted).

    a. **Liquidated Damages Under the New York Labor Law Are Not Intended to Be Compensatory**

Liquidated damages under the New York Labor Law are not intended as compensation, but instead "constitute a penalty" to deter an employer's failure to comply with the law. *Reilly v. NatWest Mkts. Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999).  Liquidated damages provided for in the New York Labor Law are thus "punitive in nature" rather than compensatory. *See, e.g.*, *Reilly*, 181 F.3d at 265; *Herrera v. Tri-State Kitchen & Bath, Inc., No*. CV 14-1695 (ARR)(MDG), 2015 U.S. Dist. LEXIS 51809, at *29 (E.D.N.Y. Mar. 12, 2015); *Pinovi v. FDD Enters.*, No. 13 Civ. 2800 (GBD) (KNF), 2015 U.S. Dist. LEXIS 89154, at *16 (S.D.N.Y. July 8, 2015); *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, at *33 (S.D.N.Y. Aug. 2, 2012); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008); *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 551, 425 N.Y.S.2d 115, 115 (1st Dep't 1980).

    b. **A Delay In Receiving Wages Is Recognized as Compensable Harm**

Compensatory damages flow directly from a delay in payment of wages.  In the context of the FLSA, for instance, liquidated damages are compensation for delayed payment of wages. *Gomez v. El Rancho De Andres Carne De Tres Inc.*, No. CV 2012-1264 (CBA)(MDG), 2014

3

U.S. Dist. LEXIS 45580, at *1 (E.D.N.Y. Mar. 11, 2014).  Liquidated damages are imposed precisely because the delayed payment of wages "result[s] in damages too obscure and difficult of proof." *Brook. Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

### c. Prejudgment Interest is Available for All Violations of the NYLL

A plaintiff who prevails on a NYLL wage claim may recover prejudgment interest. See N.Y. Lab. Law §§ 198(1-a), *Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845 (PAE) (GWG), 2012 U.S. Dist. LEXIS 127312, at *20 (S.D.N.Y. Sept. 7, 2012).  "[A] plaintiff awarded [NYLL liquidated damages]...may also recover pre-judgment interest...." *Yu G. Ke*, 595 F. Supp. 2d at 262.

## ARGUMENT

**I.  THE PLAINTIFF HAS SUFFICIENTLY PLED VIOLATIONS OF NYLL § 191.**

Plaintiffs' undisputed allegations, that he is engaged in maintenance, renovation, and landscaping work, and that he was paid bi-weekly, are sufficient to allege a violation of the frequency of pay requirement of NYLL § 191.  Furthermore, Paragraphs 67 and 68 of the complaint further allege that the Defendants failed to timely pay wages.

**II.  TO THE EXTENT THAT COURT BELIEVES THAT THE PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A VIOLATION OF NYLL § 191(1)(A)(I) PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND THE COMPLAINT.**

Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014) (quoting *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) .  Leave to replead should only be denied if repleading would be futile.  See *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *Peter L. Hoffman & Lotte, L.L.C. v. Town of Southampton,* 893 F. Supp. 2d 438, 450 (E.D.N.Y. 2012).

4

An identification of a particular workweek coupled with an allegation that wages were not timely paid for said week is sufficient to allege a violation of NYLL § 191(1)(a)(i). *Lopez-Serrano*, 2015 U.S. Dist. LEXIS 126493, at *27-28:

> The [complaint] plainly alleges that [Plaintiff] reported for work at specified times during the week of September 10, 2012. The [complaint] further alleges that she was not timely paid for the services she performed during that period. In the Court's view, these assertions plausibly allege a violation of NYLL § 191(1)(a).

Annexed as Exhibit 1 is a representative pay stub for the pay period from Wednesday, April 16, 2014 through Tuesday, April 29, 2014. By law, the Defendants were required to pay Mr. Saravia on a weekly basis. They did not. By law, the Defendants were also required to pay wages earned by Mr. Saravia for the week ending April 22, 2014 no later than April 29, 2014. They did not. The paycheck was not even generated until May 2.

Annexed as Exhibit 2 is a representative pay stub for the pay period from Wednesday, April 2, 2014 through Tuesday, April 15, 2014. By law, the Defendants were required to pay Mr. Saravia on a weekly basis. They did not. By law, the Defendants were required to pay wages earned by Mr. Saravia for the week ending April 8, 2014 no later than April 15, 2014. They did not. The paycheck was not even generated until April 18, 2014.

These statutory violations occurred throughout Mr. Saravia's employment.

Annexed hereto as Exhibit 3 is a Proposed First Amended Complaint. In the event that the Court believes that the complaint challenged by the Defendants does not plausibly allege violations of NYLL § 191(1)(a), Plaintiff seeks leave to replead.

### III. THE PLAIN LANGUAGE OF NYLL § 191 PROHIBITS THE DEFENDANTS' CONDUCT

The Defendants cite to *Tacuri v. Nithun Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 U.S. Dist. LEXIS 22074, at *7-8 (E.D.N.Y. Jan. 21, 2015), in which the court found that a Plaintiff who "regularly fell behind in pay" and would have to "make up" for unpaid wages in

5

subsequent weeks had sufficiently alleged a violation of NYLL § 191(1)(a)(i).  After conceding that *this* type of delay may be remedied under NYLL 191, the Defendants then attempt to distinguish between cases in which "defendants regularly fell behind and would have to make up for it in subsequent weeks" and this case, in which the delay was part of a policy.[3]

"[T]he starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."  *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056 (1980).  Here, the interpretation of NYLL § 191(1)(a) begins and ends with the plain meaning.  Wages must be paid weekly, and no more than seven calendar days after the workweek in which wages were earned.   NYLL § 191(1)(a)(i).

The difficulty with the Defendant's position is that section 191 does not distinguish between a delay occasioned by a bounced check, and a delay resulting from a uniform policy of failing to pay wages within seven calendar days of the end of the workweek in which wages are earned.  A *bi-weekly, monthly,* and *yearly* pay period are equally prohibited by the statute with regard to the payment of manual workers.  An interpretation removing the guarantee of *timely* payment of wages would eviscerate the statute.

## IV. THE FAILURE TO SPECIFY THE PRECISE AMOUNT OF DAMAGES IS NOT FATAL

### a. The Plaintiff has Established the Elements of a Prima Facie Case

The elements of a delayed wage payment claim under NYLL are (1) that the plaintiff performed compensable work under the defendant's employ and (2) the plaintiff "was not *timely paid* for the services she performed during that period."  *See Lopez-Serrano*, 2015 U.S. Dist. LEXIS 126493, at *27-28:

---

[3] Def. MOL, at 6.

### b. The Defendants' Damages-Related Arguments are Premature

Having established a prima facie case, there is no requirement to itemize damages at this early stage. Defendants argue, without any supporting case law, that failure to specify damages in the complaint is a fatal flaw in pleading. This argument is reminiscent of the Arguments made in Defendants' Letter to the Court of August 6, 2015 in which the Defendants requested dismissal of the complaint because "it is impossible to ascertain the amount of hours or meal time that plaintiff alleges he is owed, and it is impossible to calculate plaintiff's damages, if any." (ECF No. 18, at 2).

"[T]he measurement of actual damages is a question of fact." *Brooktree Corp. v. Adv. Micro Devices, Inc.*, 977 F.2d 1555, 1578 (Fed. Cir. 1992). Therefore, it is not the proper subject of a Motion for Judgment on the Pleadings.

### c. The Defendants' Argument that Failure to Describe the Compensable Harm Should Result in Dismissal is Without Merit

As previously described herein at pages 2-3, liquidated damages under the NYLL are intended to be punitive, not compensatory. Therefore, any inability to describe the precise harm does not affect the imposition of liquidated damages. However, even assuming that NYLL damages are construed as compensatory (as implied by the defendants' argument), the failure to quantify damages is not fatal. The Supreme Court has recognized that the damages occasioned by the delay in payment of wages may be so difficult to quantify that liquidated damages are indeed the measure of compensable harm. *Brook. Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

### CONCLUSION

Plaintiff requests that the Defendants' Motion for Judgment on the Pleadings be denied in its entirety. If the motion is granted, however, Plaintiff should be given leave to replead within 30 days, as such amendment would not be futile.

Dated: February 1, 2016

                                                        Respectfully Submitted,
                                                        STEVEN J. MOSER, P.C.

                                                        By:     Steven John Moser
                                                        3 School Street, Suite 207B
                                                        Glen Cove, New York  11542
                                                        Tel (516) 671-1150
                                                        Fax (516) 882-5420
                                                        smoser@moseremploymentlaw.com

TO:    Kyle T. Pulis, Esq.
         SCOTT MICHAEL MISKIN, P.C.
         One Suffolk Square, Suite 240
         Islandia, NY  11749
         Tel: 631-234-1154
         Fax: 631-234-5048
         *Attorneys for Defendants*

8